# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2063 | **DATE** | 10/19/2004 |
| **CASE TITLE** | Alexander vs. Unlimited Progress Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the attached Memorandum Opinion and Order, the Court grants the plaintiff's motion for summary judgment on liability Count I (doc. # 36). The matter is set for a status conference on 11/10/04, for the parties to discuss further proceedings to establish damages and other relief.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 20 2004 | 43 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mm7 | courtroom deputy's initials | 2004 OCT 19 PM 4:45 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
OCT 2 0 2004

| | |
|---|---|
| CHERYL ALEXANDER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNLIMITED PROGRESS CORP., an Illinois )<br>corporation, doing business as CREDITORS )<br>DISCOUNT & AUDIT CO., )<br>)<br>Defendant. ) | No. 02 C 2063<br>Magistrate Judge Schenkier |

## MEMORANDUM OPINION AND ORDER

In *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), the Seventh Circuit vacated this Court's entry of summary judgment for Unlimited Progress Corporation ("CDA" or "defendant") on Count I of the Complaint, the entry of summary judgment and an award of damages to the plaintiff on Count II, and remanded the case to this Court for further proceedings as to Count I alone. In light of those rulings, the plaintiff has renewed her motion for summary judgment on Count I of the complaint, which alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e ("FDCPA"). Based on the rule of law announced in *Randolph* and the factual record submitted on summary judgment, the Court grants the plaintiff's motion for summary judgment (doc. # 36).[1]

---

[1] The Seventh Circuit's ruling reversing the entry of summary judgment for plaintiff on Count II effectively rendered judgment for defendant on that claim (because the appeals court held that the FDCPA does not impute the knowledge of the creditor to the debt collector for purposes of Section 1692c(a)(2)). Thus, the only remaining claim that remains to be addressed is Count I. By the parties' consent, on June 18, 2002, this case was reassigned to this Court, pursuant to 28 U.S.C. § 636 (c)(1) and Northern District of Illinois Local Rule 73.1(b), to conduct any and all proceedings, and to enter final judgment (*see* Doc. ## 7-9).

# I.

The legal standards governing a motion for summary judgment are well-established. Summary judgment is proper if the record shows that there is no genuine issue as to any material fact, and that the moving parties are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

With regard to factual issues, a genuine issue for trial exists only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249-50; *see also Flip Side Productions, Inc. v. Jam Productions, Ltd.*, 843 F.2d 1024, 1032 (7th Cir.), *cert. denied*, 488 U.S. 909 (1988). In deciding a motion for summary judgment, the Court must view all evidence in the light most favorable to the nonmoving party, *Valley Liquors, Inc. v. Renfield Importers, Ltd.*, 822 F.2d 656, 659 (7th Cir.), *cert. denied*, 484 U.S. 977 (1987), and must draw all reasonable inferences in the non-movant's favor. *Santiago v. Lane*, 894 F.2d 218, 221 (7th Cir. 1990).

When a material fact or a set of facts yields competing, but reasonable, inferences, then there is a genuine issue that precludes summary judgment. The non-moving party's burden is to identify facts that are both material and genuinely disputed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) To be material, a fact must be outcome determinative under the substantive law governing the motion. *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A "genuine issue" exists when the party opposing the motion for summary judgment serves and files, pursuant to local Rule 56.1, a concise statement outlining the material facts that require denial of summary judgment, supported by citations to the evidentiary materials that support those denials (*e.g.*, affidavits, depositions, answers to interrogatories, admissions etc.). Fed. R.Civ.P. 56(c). Although the party

seeking summary judgment bears the initial burden of proving that there is no genuine issue of material fact, *Celotex,* 477 U.S. at 323, the non-moving party cannot rely upon the pleadings alone, but must use the evidentiary tools outlined above to identify the material facts that show there is a genuine issue for trial. *Id.* at 324; *Insolia,* 216 F.3d at 598. And, as many courts have held, the non-moving party must "wheel out all its artillery" to defeat the motion; it cannot withhold any evidence material to any claim or defense at issue. *Caisse Naionale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269-70 (7th Cir. 1996).

## II.

The material, undisputed facts are as follows. The plaintiff in this case is Cheryl Alexander ("plaintiff")(Plaintiff's Rule 56.1 Statement of Undisputed Facts ¶¶ 3 ("Pl.'s 56.1 St. ¶ ___"). The defendant in this case is Unlimited Progress Corporation, doing business as Creditor Discount & Audit Company ("CDA"). CDA is a debt collector, as defined by the FDCPA, 15 U.S.C. § 1692a, because it regularly uses the mails to collect, or attempt to collect, consumer debts (*Id.* ¶ 4). Plaintiff filed a voluntary Chapter 13 petition in bankruptcy on December 9, 1997 (*Id.* ¶ 5). A debt in the amount of $1,125.00, allegedly owed to Joseph V. Kannankeril, M.D. ("Dr. Kannankeril"), was listed on "Schedule F-Creditors Holding Unsecured Nonpriority Claims" of Alexander's bankruptcy petition" (*Id.* ¶ 6). On February 11, 1998, Dr. Kannankeril filed a claim in plaintiff's chapter 13 bankruptcy (*Id.* ¶8).

On March 22, 2001 and then again on May 7, 2001, defendant sent plaintiff letters seeking to collect on the debt allegedly owed to Dr. Kannankeril (*Id.* ¶ 9). At the time that defendant sent its two form debt collection letters to plaintiff to collect on the debt allegedly owed to Dr. Kannankeril, plaintiff's debt was subject to her pending Chapter 13 bankruptcy (*Id.* ¶ 10). Defendant

did not know about the bankruptcy until May 22, 2001, when plaintiff's attorney notified CDC of this fact (Pl.'s Ex. 6, Armstrong Aff., ¶ 24-26). Defendant's procedure is to cease collecting on a file once it learns the alleged debtor is in bankruptcy (Pl.'s 56.1 St., Ex. 6, ¶ 23). Pursuant to that procedure, defendant ceased all collection activity on plaintiff's alleged debt once it learned of plaintiff's bankruptcy (*Id.*, ¶ 26).

### III.

In Count I plaintiff alleges that defendant violated the FDCPA by sending collection letters to plaintiff claiming that she owed a debt to Dr. Kannankeril, even though this debt was subject to a pending Chapter 13 bankruptcy (Compl. ¶¶ 7-9). There are two issues raised by the parties on summary judgment. *First,* defendant claims that summary judgment should be denied because there is a genuine dispute of material fact on the issue of whether the statements made in the two collection letters were false, in violation of 15 U.S.C. § 1692e(2)(A). *Second,* defendant claims that even assuming there were false statements in the collection letters, there is a triable issue as to whether liability is foreclosed by the "bona fide error" affirmative defense that defendant has raised.

For the reasons explained below, the defendant has not offered facts sufficient to create a triable issue on either issue.

### A.

The Court will address the false statement issue first, since without a false statement there is no need to address the bona fide error issue. The defendant argues that there remains a fact dispute over whether the statements made in the collection letters to plaintiff were "false," in violation of the FDCPA. In our view, the Seventh Circuit has already resolved this issue in the earlier appeal in this case.

In *Randolph*, the Seventh Circuit held that Section 1692e(2)(A) of the FDCPA "creates a strict liability rule. Debt collectors may not make false claims, period." 368 F.3d at 730. A "false claim," stated that appeals court, does not depend upon knowledge of falsity. Rather,

> [a] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is "false" in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) of the discharge injunction (11 U.S.C. § 524), it is not. *A debt collector's false statement is presumptively wrongful under the Fair Debt Collection Practices Act,* see 15 U.S.C. § 1692e(2)(A), even if the speaker is ignorant of the truth; but a debt collector that exercises care to avoid making false statements has a defense under § 1692k(c).

*Randolph*, 368 F.3d at 728 (emphasis added).

It is undisputed that the two collection letters in this case demanded immediate payment from plaintiff while the plaintiff was in bankruptcy. Under *Randolph*, the claim for immediate payment was false, in violation of 15 U.S.C. § 1692e(2)(A), because the debtor had no obligation to make such a payment in light of the bankruptcy stay. As the Seventh Circuit made clear in *Randolph*, that is true even though it is undisputed that defendant was unaware of the bankruptcy. Consequently, the Court finds, as a matter of law, that the debt collection letters in this case made false statements in violation of Section 1692e(2)(A).

We are unpersuaded by the defendant's argument that the holding in the case of *Turner v. J.V.D.B., & Assocs., Inc.*, 330 F.3d 991 (7th Cir. 2003), on remand to the district court, 330 F.Supp.2d 998, supports the view that the falsity of the statements in the defendant's collection letters is a question of fact for the jury. On remand in *Turner*, the court found that *Randolph* did not control the mandate issued to that court in that case, namely, to conduct a trial to determine whether, "as a matter of fact a misleading implication (that Turner had to pay the $97.80 debt) arises from an objectively reasonable reading of J.V.D.B.'s collection letter of March 29, 2001." *Turner*, 330

F.Supp.2d at 1002. *Turner* turns (no pun intended) on the facts of that case. Here, however, the falsity of the statements in the defendant's letters was directly analyzed by the Seventh Circuit in *Randolph*, and we believe that analysis leaves open on remand in this case only the issue of the bona fide error defense. *Randolph*, 368 F.3d at 733. That said, we now move to the issue of whether there is a triable issue concerning CDA's defense to liability under 15 U.S.C. § 1692k(c).

## B.

In *Randolph*, the Court of Appeals held that the FDCPA provides a "bona fide error" defense to a false statement if the debt collector shows "by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 368 F.3d at 730 (quoting 15 U.S.C. § 1692k(c)). A "bona fide" error is a "good faith" error; according to *Randolph*, an error is bona fide if it results despite an active effort to "exercise care to avoid making [the] false statement." 368 F.3d at 728.

Defendant's threshold – and, indeed, sole – argument on the bona fide error issue is that summary judgment on that affirmative defense cannot be considered, because summary judgment can be granted on an affirmative defense only if the defendant moves for it (Def.'s Resp. at 5). That is an incorrect statement of the law. The defendant asserted the bona fide error defense as an affirmative defense in its answer to the complaint. The plaintiff has now moved for summary judgment on Count I of that complaint, to which the bona fide error defense applies. The plaintiff is entitled to move for summary judgment on this affirmative defense, even though defendant bears the burden of proving it. If this were not so, by parity of reasoning, a defendant could never move for summary judgment on a plaintiff's claims for liability – and this is simply not how Federal Rule

of Civil Procedure 56 works. "A summary judgment on the issue of liability encompasses all affirmative defenses and implicitly challenges the non-movant to establish a basis for finding that the defenses are both applicable and supported by sufficient facts. *See The Pantry, Inc. v. Stop-N-Go Foods, Inc.*, 796 F.Supp. 1164, 1167-68 (S.D. Ind. 1992) (citing Fed.R.Civ.P. 56(c); 10 A Charles A. Wright, Arthur A. Miller & Mary K. Kane, FEDERAL PRACTICE AND PROCEDURE § 2736 (1983)).

The fact that defendant has relied on this procedural argument, without making any substantive argument in its brief to show why there is a triable issue on the bona fide error affirmative defense, is tantamount to a waiver on this issue. *Berry v. Delta Airlines, Inc.*, 260 F.3d 803, 810 (7th Cir. 2001) (non-moving party's failure to raise issue in response resulted in waiver). *See also Blakely v. Brach & Brock Confections*, 181 F.Supp.2d 943, 951 (N.D. Ill. 2002) (same); *Warren v. Hotel-Inter Cont'l Chicago*, No. 01 C 4370, 2003 WL 41984, at * 6 (N.D. Ill. Jan. 6, 2003) (same). *Cf. Nabozny v. Podlesny*, 92 F.3d 446, 457 n.9 (7th Cir. 1996) (holding that there was no waiver for failure to respond to argument on summary judgment). The Court will not rely on the waiver, however, but will address whether there are material disputed factual issues that require a trial on this defense.

But, that does not mean that defendant's exclusive reliance on the procedural argument has no consequences. As the Seventh Circuit recently has reiterated, a summary judgment motion "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Koszola v. Bd. of Educ. of City of Chicago*, ___ F.3d ___, 2004 WL 2260492, *6 (7th Cir. Oct. 8, 2004) (quoting *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). Thus, when faced with a motion for summary judgment, a non-movant must "wheel out all its artillery to defeat it." *Employers Ins. of Wausau v. Bodi-Wachs*

*Aviation Ins. Agency,* 846 F.Supp. 677, 685 (N.D. Ill. 1994) (quoted by *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269-70 (7th Cir. 1996)). The defendant in this case has ignored this mandate, preferring instead to make an ill-fated procedural argument. In choosing that path, the defendant has abdicated its responsibility to "wheel out all its artillery to defeat" plaintiff's motion.

The only evidence that appears in the summary judgment record in support of the bona fide error defense is contained in one conclusory sentence from an interrogatory response, which defendant does not cite in its brief but which instead is referenced in defendant's response to plaintiff's Rule 56.1 Statement of Undisputed Facts. In that response, defendant states that it "notifies creditors that it does not handle bankruptcy accounts for collection." *See* Pl.'s 56.1 St. ¶ 11 (citing Ex. 5, ¶ 11 (CDC's Interrogatory Responses)).

That statement is far too conclusory to create a triable issue that would defeat summary judgment. Although CDA claims that it gave "notice to creditors," it offers no evidence to show whether that notice was given before or after collection efforts began (if after, it would not be reasonably adapted to "avoid" false statements), or how that notice was disseminated to ensure it reached the audience of creditors. Nor is there any evidence offered to show the effectiveness of the notice – both in terms of reaching creditors, and in ensuring that creditors do not refer files in bankruptcy to defendant for collection.

Defendant cannot establish the bona fide error defense merely by asserting, as it has, that (1) defendant "notifies" creditors that it did not collect on bankruptcy accounts; and (2) defendant did not know plaintiff (and her debt) was in bankruptcy when it sent out collection letters to the plaintiff, demanding payment (a presumptively false statement under 15 U.S.C. § 1692e(2)(A)). Although

ignorance and lack of intent may go hand in hand, ignorance is not sufficient to establish the bona fide error defense. *Randolph* establishes that an exercise of care "to avoid" making the mistake, and thus an act *before* the false statement is made, is necessary to satisfy that requirement. Thus, the bare fact that defendant stopped sending the letters after it was notified by plaintiff's counsel of the bankruptcy does not help the defendant.

The record in this case stands in stark contrast to the evidentiary record in *Hyman v. Tate*, 362 F.3d 965 (7th Cir. 2004). In that case the Seventh Circuit affirmed a bench trial finding by the district court where the trial record showed that the defendant debt collector "had an understanding" with the bank that referred the plaintiff's debts to it. The "understanding" there was that the bank would not refer accounts for collection if those accounts were in bankruptcy. To support the "reasonableness" and thus effectiveness of this understanding, as a procedure designed to satisfy the bona fide error defense, "the defendants presented evidence that of the accounts referred to it for collection, only .01% of those accounts were later found to have been in bankruptcy." *Hyman*, 362 F.3d at 968. This latter piece of evidence, in conjunction with the evidence of an "understanding," persuaded the district court and the court of appeals that, even though defendant "could have done more to assure that bankruptcy proceedings had not been initiated, § 1692k(c) only requires collectors to adopt reasonable procedures." 362 F.3d at 968. Thus, defendant did not need to "independently research each account for bankruptcy filings before sending collection letters" because the bank, in that case, "limited the accounts forwarded to those not in bankruptcy." *Id.* Accordingly, the defendant in *Hyman* was entitled to the bona fide error defense. *Id.*

CDA has offered nothing on summary judgment to show that it has evidence like that offered in *Hyman*, or other evidence to show that its approach was reasonably adapted to avoid collection

9

efforts on accounts in bankruptcy. And, as explained above, to the extent that CDA thought it did not need to offer such evidence on summary judgment, but could withhold that evidence until trial, CDA was mistaken. Accordingly, the Court concludes that defendant has offered no evidence on summary judgment that would allow a reasonable jury to find in its favor on the bona fide error defense.

## CONCLUSION

For these reasons, the Court grants the plaintiff's motion for summary judgment on liability Count I (doc. # 36). The matter is set for a status conference on November 10, 2004, for the parties to discuss further proceedings to establish damages and other relief.

**ENTER:**

*/s/ Sidney I. Schenkier*
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: October 19, 2004**